UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Case No. 15-cr-260(5) (PAM/TNL)

                        Plaintiff,

v.                                                           **MEMORANDUM AND ORDER**

William Thomas Chevre,

                        Defendant.
_____

This matter is before the Court on Defendant William Thomas Chevre's Motion to modify his sentence under the First Step Act. Chevre asserts that compassionate release is warranted because of "continued COVID-19 concerns" and his transfer to a high-security facility. For the following reasons, the Court denies the Motion.

**BACKGROUND**

In 2016, Chevre pled guilty to his role in a large-scale methamphetamine-distribution ring. (Docket No. 388.) His role in the conspiracy and his extensive criminal history led to a sentencing guidelines range of 292 months to 365 months. The Court ultimately sentenced Chevre to 245 months' imprisonment, a nearly four-year departure from the applicable range. He has served approximately 30 percent of that sentence and is incarcerated at USP Yazoo City in Mississippi.

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially

diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). There is some dispute in the federal courts as to whether § 1B1.13 applies to motions brought by defendants, and when considering Chevre's Motion the Court will treat this section as informing its discretion, rather than cabining that discretion. See United States v. Vangh, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021) (assuming without deciding that § 1B1.13 applies to compassionate-release motions brought pursuant to the First Step Act). Chevre does not specifically argue that he suffers from any health conditions[1] that make him more likely to suffer serious consequences should he contract COVID-19. Indeed, he is fully vaccinated against the virus. Rather, he contends that his time served at FCI-Elkton as well as his recent transfer to a high-security facility, constitutes cruel and unusual punishment and the Court should release him accordingly.

Chevre asserts that he sought release from the warden of FCI-Elkton, where he was initially imprisoned, and then once again from the warden of USP-Yazoo City, but did not get a response to either request. The Government found no evidence of any such request and asks the Court to deny the Motion for failure to exhaust remedies. See United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021) (holding that First Step Act's exhaustion requirement is a "mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it"). Indeed, the Court is "required to dismiss [a compassionate release] motion without prejudice" if the defendant failed to exhaust

---

[1] Chevre asserts that he is morbidly obese. (Mot. (Docket No. 1157) at 11.) His medical records do not support this contention.

administrative remedies before bringing suit.  Id.  Here, though, Chevre alleges that he

fully exhausted his administrative remedies.  Because his Motion fails on the merits, the

Court will assume that he has done so.

The Court does not minimize the severity of incarceration at FCI-Elkton during the

early months of the COVID-19 pandemic.  However, the Court may not release Chevre

merely because one year of his 20-year imprisonment term was especially difficult.  Rather,

the Court must also consider Chevre's health, which the evidence establishes is quite good,

and the sentencing factors under 18 U.S.C. § 3553(a).  Chevre has served only a small

fraction of his sentence, which was itself a departure from the otherwise-applicable term.

He has a lengthy criminal history, and prior sentences for drug crimes did not deter him

from continuing criminal conduct.  Releasing Chevre when he has served less than one-

third of his sentence creates unwarranted sentencing disparities with other individuals who

commit similarly serious crimes, and would not serve the purposes of sentencing.  Chevre

has failed to establish that "extraordinary and compelling reasons" mandate the Court's

reconsideration of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendant's Motion for Compassionate Release (Docket No. 1157) is **DENIED**; and

2. Defendant's Motion to Appoint Counsel (Docket No. 1158) is **DENIED as moot**.

Dated: Tuesday, August 24, 2021

s/ Paul A. Magnuson

Paul A. Magnuson
United States District Court Judge

3